IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

HOBBY LOBBY STORES, INC., et al.,

        Plaintiffs-Appellants,

v.

KATHLEEN SEBELIUS, Secretary of Health and Human Services, et al.,

        Defendants-Appellees

No. 12-6294

**OPPOSITION TO PLAINTIFFS' PETITION
FOR INITIAL HEARING *EN BANC***

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ................................................................1

STATEMENT .....................................................................................................4

    A.    Statutory and Regulatory Background .....................................................4

    B.    Factual Background and District Court Proceedings .............................6

ARGUMENT ......................................................................................................8

CONCLUSION .................................................................................................11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:** **Page**

*Autocam Corp. v. Sebelius*,
  No. 12-2673 (6th Cir.) (12/28/12 & 12/31/12 orders)..........................................10

*Belmont Abbey College v. Sebelius*,
  No. 12-5291 (D.C. Cir.) (9/20/12 order) ...............................................................9

*Florida, et al. v. Sebelius*,
  Nos. 11-11021 & 11-11067 (11th Cir.) (3/31/2011 order)...............................4, 11

*Hobby Lobby Stores, Inc. v. Sebelius*,
  133 S. Ct. 641 (2012) (Sotomayor, J., in chambers) ................................... 3, 8, 10

*Hobby Lobby Stores, Inc. v. Sebelius*,
  870 F. Supp. 2d 1278 (W.D. Okla. 2012),
  *appeal pending*, No. 12-6294 (10th Cir.) ..........................................................2, 8

*Hobby Lobby Stores, Inc. v. Sebelius*,
  No. 12-6294 (10th Cir.) (12/20/12 order).........................................................2, 8

*Korte, et al., v. Sebelius*,
  No. 12-3841 (7th Cir.) (12/28/12 order)...............................................................10

*Liberty University v. Geithner*,
  No. 10-2347 (4th Cir.) (1/26/11 order).................................................................9

*Newland v. Sebelius*,
  No. 12-1380 (10th Cir.) .....................................................................................3, 8

*NFIB v. Sebelius*,
  132 S. Ct. 2566 (2012).....................................................................................4, 10

*O'Brien v. HHS*,
  No. 12-3357 (8th Cir.) (11/28/12 order)..............................................................10

*United States v. Sturm*,
  Nos. 09-1386, 09-5022, 2011 WL 6261657 (10th Cir. Apr. 4, 2011)....................9

*Virginia v. Sebelius*,
  No. 11-1057 (4th Cir.) (1/26/11 order)..............................................................9

*Wheaton College v. Sebelius*,
  No. 12-5273 (D.C. Cir.) (9/20/12 order) ...........................................................9

**Statutes:**

42 U.S.C. § 300gg-13(a)(1) ...................................................................................4

42 U.S.C. § 300gg-13(a)(2) ...................................................................................4

42 U.S.C. § 300gg-13(a)(3) ...................................................................................5

42 U.S.C. § 300gg-13(a)(4) ...................................................................................5

**Regulations:**

45 C.F.R. § 46.202(f) .............................................................................................7

45 C.F.R. § 147.130(a)(1)(iv)(B)...........................................................................6

62 Fed. Reg. 8610 (Feb. 25, 1997) ........................................................................7

77 Fed. Reg. 8725 (Feb. 15, 2012) ....................................................................5, 6

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

HOBBY LOBBY STORES, INC., et al.,

   Plaintiffs-Appellants,

v.

KATHLEEN SEBELIUS, Secretary of Health
 and Human Services, et al.,

   Defendants-Appellees

No. 12-6294

# OPPOSITION TO PLAINTIFFS' PETITION
# FOR INITIAL HEARING *EN BANC*

## INTRODUCTION AND SUMMARY

  The federal government respectfully submits this response in opposition to plaintiffs' petition for an initial hearing *en banc*. Plaintiffs Hobby Lobby Stores, Inc., and Mardel, Inc., (collectively, "Hobby Lobby") are for-profit corporations that operate hundreds of retail stores throughout the nation. Hobby Lobby has more than 13,000 full-time employees. Hobby Lobby does not hire its employees on the basis of their religion, and the employees do not necessarily share the

religious beliefs of the corporation's controlling shareholders, the Greens, who allege that they regard certain forms of contraception as immoral.

People who are employed by Hobby Lobby obtain health insurance coverage for themselves and their family members through the corporation's group health plan, as an employee benefit that is part of their compensation packages. "Recently," "Hobby Lobby re-examined its insurance policies," discovered that its policies covered contraceptives to which the Greens object, and proceeded to exclude those contraceptives from the plan. Verified Complaint ¶ 55. In this suit, Hobby Lobby and the Greens contend that the Hobby Lobby plan should be exempted from the federal regulatory requirement that the plan cover all forms of FDA-approved contraceptives, as prescribed by a health care provider. They claim that the Hobby Lobby plan is entitled to such an exemption under the Religious Freedom Restoration Act ("RFRA") and the First Amendment.

The district court denied plaintiffs' motion for a preliminary injunction, concluding that Hobby Lobby and the Greens are not likely to succeed on the merits of their claims. *See Hobby Lobby Stores, Inc. v. Sebelius*, 870 F. Supp. 2d 1278 (W.D. Okla. 2012). This Court denied an injunction pending appeal. *See* 12/20/12 Order (Lucero and Ebel, JJ.). Hobby Lobby and the Greens then applied to the Supreme Court for an injunction pending appeal, which was denied by

Justice Sotomayor. *See Hobby Lobby Stores, Inc. v. Sebelius*, 133 S. Ct. 641 (2012) (Sotomayor, J., in chambers).

The same legal issue is presented in *Newland v. Sebelius*, No. 12-1380 (10th Cir.), which is the government's appeal from a preliminary injunction that bars enforcement of the contraceptive-coverage requirement against another for-profit corporation and its controlling shareholders. To conserve judicial resources and to ensure consistent rulings, the government moved to assign the *Newland* and *Hobby Lobby* appeals to the same panel. That consolidation motion is pending.

Plaintiffs in both cases opposed the government's consolidation motion, and the *Hobby Lobby* plaintiffs argued that this Court instead should hear their appeal *en banc*. But their *en banc* petition does not provide any basis for such an extraordinary proceeding. Although plaintiffs assert that an *en banc* hearing is necessary to prevent a conflict with Supreme Court precedent and with decisions of other circuits, neither the Supreme Court nor any court of appeals has decided the issue presented here. The court of appeals rulings that plaintiffs cite as evidence of a circuit conflict are the preliminary rulings of motions panels, which do not bind the merits panels that will hear the appeals.

Plaintiffs also argue that the importance of the question presented warrants an initial *en banc* hearing, but three-judge panels often decide significant cases. For example, in the facial challenge to the Patient Protection and Affordable Care

Act that was decided by the Supreme Court in *NFIB v. Sebelius*, 132 S. Ct. 2566 (2012), the court of appeals denied the plaintiffs' request for an initial hearing *en banc*, *see Florida, et al. v. Sebelius*, Nos. 11-11021 & 11-11067 (11th Cir.) (3/31/2011 order), and the case was decided by a three-judge panel. Plaintiffs here challenge one aspect of the regulatory implementation of the Affordable Care Act, and there is no reason for the Court to convene *en banc* to hear their appeal.

## STATEMENT

### A. Statutory and Regulatory Background

Congress has long regulated certain terms of group health plans, and the Affordable Care Act establishes additional minimum standards for such plans. As a component of the Act's emphasis on cost-effective preventive medicine, Congress provided that a non-grandfathered plan must cover certain preventive health services without requiring plan participants and beneficiaries to make co-payments or pay deductibles. These preventive health services include immunizations recommended by the Advisory Committee on Immunization Practices, *see* 42 U.S.C. § 300gg-13(a)(2); items or services that have an "A" or "B" rating from the U.S. Preventive Services Task Force, *see id*. § 300gg-13(a)(1); preventive care and screenings for infants, children and adolescents as provided in guidelines of the Health Resources and Services Administration ("HRSA"), a component of the Department of Health and Human Services ("HHS"), *see id*. §

4

300gg-13(a)(3); and certain additional preventive services for women as provided in HRSA guidelines, *see id.* § 300gg-13(a)(4).

Collectively, these preventive health services provisions require coverage of an array of recommended services including immunizations, blood pressure screening, mammograms, cervical cancer screening, and cholesterol screening.[1] HRSA commissioned a study by the Institute of Medicine to help it develop the statutorily required preventive services guidelines for women. Consistent with the Institute's recommendations, the regulations require coverage for "[a]ll Food and Drug Administration [(FDA)] approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity, as prescribed by a provider." 77 Fed. Reg. 8725 (Feb. 15, 2012) (internal quotation marks omitted). FDA-approved contraceptive methods include diaphragms, oral contraceptive pills, injections and implants, emergency contraceptive drugs, and intrauterine devices ("IUDs").[2] Group health plans typically start new plan years annually, and the coverage requirement takes effect for all plan years that begin on or after August 1, 2012. *Id.* at 8726.

---

[1] *See, e.g.*, U.S. Preventive Services Task Force "A" and "B" Recommendations, *available at* http://www.uspreventiveservicestaskforce. org/uspstf/uspsabrecs.htm.

[2] *See* Birth Control Guide, FDA Office of Women's Health, *available at* http://www.fda.gov/downloads/ForConsumers/ByAudience/ForWomen/FreePublications/UCM282014.pdf (last updated Aug. 2012).

5

The regulations that implement the contraceptive-coverage requirement authorize an exemption from that requirement for the group health plan of any organization that qualifies as a religious employer. The regulations define a religious employer as an organization that has as its purpose the inculcation of religious values, that primarily hires and serves persons who share the religious tenets of the organization, and that is a non-profit organization as described in Internal Revenue Code provisions applicable to churches, their integrated auxiliaries, conventions or associations of churches, and the exclusively religious activities of any religious order. *See* 45 C.F.R. § 147.130(a)(1)(iv)(B). In addition, the agencies charged with enforcing the contraceptive-coverage requirement established a temporary enforcement safe harbor for plans sponsored by certain non-profit organizations that have religious objections to providing contraceptive coverage. *See* 77 Fed. Reg. at 8727; HHS, Guidance on the Temporary Enforcement Safe Harbor (Aug. 15, 2012).[3]

### B. Factual Background and District Court Proceedings

Plaintiffs are Hobby Lobby Stores, Inc., a for-profit, Oklahoma corporation that operates retail craft stores throughout the country; Mardel, Inc., a for-profit bookstore and educational supply company headquartered in Oklahoma; and five controlling shareholders and/or officers of the companies (the Greens). Hobby

---

[3] *Available at* http://cciio.cms.gov/resources/files/prev-services-guidance-08152012.pdf.

Lobby Stores, Inc., operates more than 500 retail stores in more than 40 states and has more than 13,000 full-time employees. *See* Verified Complaint ¶ 2. Mardel, Inc., operates 35 stores in 7 states and has 372 full-time employees. *See id.* ¶ 3. Hobby Lobby's employees are hired without regard to their religious beliefs. *See id.* ¶ 51 ("Hobby Lobby welcomes employees of all faiths or no faith"). Thus, the employees do not necessarily share the religious beliefs of the Greens, who are Hobby Lobby's controlling shareholders and who allege that they regard certain forms of contraception as immoral. *See id.* ¶¶ 55, 106-108.[4]

"Recently, after learning about the nationally prominent HHS mandate controversy, Hobby Lobby re-examined its insurance policies," discovered that its policies covered forms of contraception to which the Greens object, and proceeded to exclude coverage of those contraceptives. *See* Complaint ¶ 55. Hobby Lobby and the Greens contend that the Hobby Lobby group health plan should be

---

[4] The Greens object to coverage of certain intrauterine devices ("IUDs") and to the drugs Plan B and Ella because these devices and drugs have the potential to prevent the implantation of a fertilized egg in a woman's uterus. *See* Pet. 5; Verified Complaint ¶¶ 106-108. Although plaintiffs refer to these devices and drugs as abortion-causing, they are not abortifacients within the meaning of federal law because they have no effect if a woman is pregnant. *See*, *e.g.*, 62 Fed. Reg. 8610, 8611 (Feb. 25, 1997) ("Emergency contraceptive pills are not effective if the woman is pregnant; they act by delaying or inhibiting ovulation, and/or altering tubal transport of sperm and/or ova (thereby inhibiting fertilization), and/or altering the endometrium (thereby inhibiting implantation)."); 45 C.F.R. § 46.202(f) ("[P]regnancy encompasses the time period from implantation to delivery."). The complaint also refers to the "pregnancy-termination drug RU-486," Verified Complaint ¶ 54, but RU-486 is not a form of FDA-approved contraception and it need not be covered by a group health plan.

exempted from the requirement that the plan cover all forms of FDA-approved contraceptives, as prescribed by a health care provider.

The district court denied plaintiffs' motion for a preliminary injunction, finding that Hobby Lobby and the Greens failed to establish a likelihood of success on their RFRA or First Amendment claims. *See Hobby Lobby Stores, Inc. v. Sebelius*, 870 F. Supp. 2d 1278 (W.D. Okla. 2012). This Court denied plaintiffs' motion for an injunction pending appeal. *See* 12/20/12 Order (Lucero and Ebel, JJ.). Plaintiffs then applied to the Supreme Court for an injunction pending appeal, which was denied by Justice Sotomayor. *See Hobby Lobby Stores, Inc. v. Sebelius*, 133 S. Ct. 641 (2012) (Sotomayor, J., in chambers).

## ARGUMENT

**1.** This appeal and the appeal that is pending in *Newland v. Sebelius*, No. 12-1380 (10th Cir.), present the same legal issue: whether, under RFRA, a for-profit corporation may deny its employees federally required health insurance coverage for contraceptives, if the corporation's controlling shareholders assert a religious objection to providing those employee benefits. To conserve judicial resources and to ensure consistent rulings, the government moved to assign the *Hobby Lobby* and *Newland* appeals to the same panel. That motion is pending.

Although the *Hobby Lobby* plaintiffs have opposed assignment of the *Hobby Lobby* and *Newland* appeals to the same panel, their opposition brief indicated that

8

they "share the government's concern about the need to 'conserve judicial resources and ensure consistent rulings.'" *Hobby Lobby* Plaintiffs' Response to Motion To Assign Appeals to the Same Panel, at 1 (filed 1/10/13) (citation omitted). Plaintiffs argued that "the most efficient way to ensure the consistency and uniformity of this Court's decisions is to have this Court speak with one voice, at one time, via en banc determination in the first instance." *Id*. at 1-2.

For support, plaintiffs' *en banc* petition relies on this Court's *en banc* order in *United States v. Sturm*, Nos. 09-1386, 09-5022, 2011 WL 6261657 (10th Cir. Apr. 4, 2011). In *Sturm*, however, two panels of this Court had issued inconsistent merits decisions, and an *en banc* hearing was therefore necessary to restore consistency to this Court's precedent. Here, by contrast, there has been no merits decision in this appeal or in *Newland*. Assignment of these appeals to the same panel will ensure that the merits decisions are consistent. Indeed, that is the usual mechanism by which courts of appeals ensure consistent rulings within a circuit.[5]

**2.** Plaintiffs also argue that an initial *en banc* hearing is necessary to ensure that this Court's merits decision does not conflict with Supreme Court precedent or

---

[5] *See*, *e.g.*, *Wheaton College v. Sebelius*, No. 12-5273 (D.C. Cir.) & *Belmont Abbey College v. Sebelius*, No. 12-5291 (D.C. Cir.) (9/20/12 order consolidating appeals filed by non-profit organizations that challenged the contraceptive-coverage requirement); *Virginia v. Sebelius*, No. 11-1057 (4th Cir.) & *Liberty University v. Geithner*, No. 10-2347 (4th Cir.) (1/26/11 order assigning appeals that challenged the Affordable Care Act's minimum coverage provision, 26 U.S.C. 5000A, to the same panel).

9

with the decisions of other circuits. That argument reiterates the contentions that plaintiffs urged unsuccessfully in their Supreme Court application for an injunction pending appeal, which asked the Supreme Court to grant a writ of *certiorari* before judgment in this case.[6] When Justice Sotomayor denied the application, she explained that the Supreme Court has never "addressed similar RFRA or free exercise claims brought by closely held for-profit corporations and their controlling shareholders alleging that the mandatory provision of certain employee benefits substantially burdens their exercise of religion." *Hobby Lobby Stores, Inc. v. Sebelius*, 133 S. Ct. 641, 643 (2012) (Sotomayor, J., in chambers). Nor has any court of appeals issued a merits decision on this issue. The rulings that plaintiffs cite (Pet. 1 & n.2) are preliminary rulings issued by motions panels, not final decisions issued by merits panels.[7]

**3.** Finally, plaintiffs declare that the importance of the case justifies an initial *en banc* hearing. But significant cases are often heard by three-judge panels. Indeed, in the challenge to the Affordable Care Act that was decided by the Supreme Court in *NFIB v. Sebelius*, 132 S. Ct. 2566 (2012), the court of appeals

---

[6] *See Hobby Lobby Stores, Inc. v. Sebelius*, No. 12A644, Plaintiffs' Emergency Application for Injunction Pending Appellate Review, at 31-36 (filed 12/21/12).

[7] *See Autocam Corp. v. Sebelius*, No. 12-2673 (6th Cir.) (12/28/12 & 12/31/12) orders denying an injunction pending appeal); *Korte, et al., v. Sebelius*, No. 12-3841 (7th Cir.) (12/28/12 order granting an injunction pending appeal); *O'Brien v. HHS*, No. 12-3357 (8th Cir.) (11/28/12 order granting a stay pending appeal).

denied the plaintiffs' petition for an initial *en banc* hearing, even though the district court had invalidated the Affordable Care Act in its entirety. *See Florida, et al. v. Sebelius*, Nos. 11-11021 & 11-11067 (11th Cir.) (3/31/2011 order denying the petition for a hearing *en banc*). Here, plaintiffs challenge one aspect of the regulatory implementation of the Affordable Care Act, and there is no reason for the Court to convene *en banc* to consider their appeal.

## CONCLUSION

Plaintiffs' petition for an initial hearing *en banc* should be denied.

    Respectfully submitted,

    MARK B. STERN
    (202) 514-1597

    /s Alisa B. Klein

    _____
    ALISA B. KLEIN
    (202) 514-1597
    Attorneys, Appellate Staff
    Civil Division
    U.S. Department of Justice
    950 Pennsylvania Ave., N.W.
    Room 7235
    Washington, D.C.  20530

January 24, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2013, I filed and served the foregoing opposition on counsel of record through this Court's CM/ECF system.

/s Alisa B. Klein
_____
Alisa B. Klein