FILED
United States Court of Appeals
Tenth Circuit

December 20, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

HOBBY LOBBY STORES, INC.;
MARDEL, INC.; DAVID GREEN;
BARBARA GREEN; MART GREEN;
STEVE GREEN; DARSEE LETT,

    Plaintiffs-Appellants,

v.

KATHLEEN SEBELIUS, in her official
capacity as Secretary of the United States
Department of Health and Human
Services; UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES; HILDA SOLIS,
Secretary of the United States
Department of Labor; UNITED STATES
DEPARTMENT OF LABOR; TIMOTHY
GEITHNER, Secretary of the United
States Department of Treasury; UNITED
STATES DEPARTMENT OF THE
TREASURY,

    Defendants-Appellees.

No. 12-6294
(D.C. No. 5:12-CV-01000-HE)
(W.D. Okla.)

---

**ORDER**

---

Before **LUCERO** and **EBEL**, Circuit Judges.

    Plaintiffs-Appellants Hobby Lobby Stores, Inc. and Mardel, Inc. (corporate plaintiffs), and David Green, Barbara Green, Mart Green, Steve Green, and Darsee Lett (individual plaintiffs) who indirectly own and control the closely-held corporate

plaintiffs, have moved for an injunction pending resolution of this appeal. For reasons explained below, we conclude they have failed to demonstrate an entitlement to such relief and therefore deny the motion.

Plaintiffs brought this action for declaratory and injunctive relief to challenge the regulatory implementation of one aspect of the Patient Protection and Affordable Care Act of 2010, Pub. L. No. 111-148, 124 Stat. 119, as amended by the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029. They object to implementation of the preventive health services provision, 42 U.S.C. § 300gg-13(a), which mandates coverage, without cost-sharing requirements, of "preventive care and screenings" for women "as provided for in comprehensive guidelines supported by the Health Resources and Services Administration [HRSA]." Their primary claim is that HRSA guidelines allowing for abortion-inducing contraceptive drugs and devices violate their free-exercise rights under the First Amendment and the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. §§ 2000bb to bb-4. Along with their complaint, plaintiffs filed a motion for a preliminary injunction to preclude enforcement of the mandate, which would otherwise take effect with respect to the corporate plaintiffs' employee insurance plans on January 1, 2013. After briefing and a hearing, the district court denied the motion. This appeal, and the motion for associated injunctive relief, followed.

In ruling on a motion for injunction pending appeal, "this court makes the same inquiry as it would when reviewing a district court's grant or denial of a

preliminary injunction," *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (per curiam), which means this motions panel must assess the same factors that will control the merits panel's review of the underlying appeal. Of course, our assessment is based on a preliminary record without the benefit of full merits briefing and oral argument, and hence our necessarily tentative conclusions do not purport to constrain the ultimate determination of the case, *Homans v. City of Albuquerque*, 366 F.3d 900, 904-05 (10th Cir. 2004). With that caveat, we turn to the considerations that govern the grant or denial of preliminary injunctive relief.

To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits;[1] (2) irreparable injury will result if the injunction does not issue; (3) the threatened injury outweighs any damage the injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). The burden on the movant with respect to this showing may be heightened or relaxed, depending on the nature of the injunctive relief sought. Three types of preliminary injunctions are specifically disfavored: injunctions that alter the

---

[1] In this respect, an injunction pending appeal and a preliminary injunction differ in focus, as the former involves success on appeal, *Homans*, 264 F.3d at 1243, while the latter involves success at trial, *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 777 (10th Cir. 2009).

status quo;[2] mandatory injunctions;[3] and injunctions that afford the movant all of the relief it could recover at the conclusion of a full trial on the merits. *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012). For these, the movant must show that the factors cited above "weigh heavily and compellingly in its favor." *Id.* (internal quotation marks omitted). Plaintiffs do not seek injunctive relief of this sort: the status quo is reflected in the coverage provided in their current health plans, which the injunction would preserve; the injunction would require forbearance, not affirmative action, by the government; and a full trial on the merits could provide plaintiffs with permanent declaratory and injunctive relief beyond the temporary injunctive relief now at issue.

On the other hand, a relaxed standard may be applied to the success factor if the movant establishes that the others "tip decidedly in its favor." *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 n.6 (10th Cir. 2006) (internal quotation marks omitted). In that case, instead of showing a substantial likelihood of success, the movant need only show "questions going to the merits so serious, substantial, difficult, and doubtful, as to make them a fair ground for litigation." *Id.* (internal

---

[2] "Status quo" here refers to "the last peaceable uncontested status existing between the parties before the dispute developed." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1071 (10th Cir. 2009) (internal quotation marks omitted).

[3] Mandatory injunctions "require the nonmoving party to take affirmative action . . . before a trial on the merits occurs." *Tyson Foods*, 565 F.3d at 776 (internal quotation marks omitted).

quotation marks omitted). Plaintiffs insist they are entitled to this relaxed standard. The district court disagreed, but not on the basis of the showing on the other factors. Rather, the district court invoked an independent categorical limitation on the availability of the relaxed standard: "'where a preliminary injunction seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the less rigorous fair-ground-for-litigation standard should not be applied.'" *Id.* (quoting *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (further quotation omitted)). Plaintiffs advance two objections to this conclusion.

First, they contend the sheer number of exemptions currently allowed to forestall enforcement of the challenged mandate so diminishes the public interest involved that the *Heideman*/*Nova Health* principle is inapposite. We agree with the district court that the principle is triggered once a legislative or regulatory judgment is made that a scheme is needed to protect the public interest, and it is not up to the courts to second-guess that judgment or reassess the weight of the public interest.

Second, plaintiffs contend the *Heideman*/*Nova Health* principle should not apply when the proposed injunctive interference with the challenged scheme is counterbalanced by the enforcement of a contrary scheme—in this instance RFRA. Plaintiffs do not cite any authority for their major premise that the *Heideman*/*Nova Health* principle is inapplicable in cases involving competing schemes. Nor do they support their minor premise that RFRA constitutes a legislative or regulatory scheme for governmental action within the meaning of *Heideman*/*Nova Health*. RFRA is a

singular constraint on all governmental action, not a comprehensive directive for governmental action in a particular sphere. Given this double weakness in plaintiffs' effort to distinguish our otherwise controlling precedent, we adhere to that precedent here and thus use a substantial-likelihood-of-success standard in assessing their motion for injunctive relief on appeal.

We agree with the district court that plaintiffs failed to satisfy this standard on the first element of their RFRA claim, that the challenged mandate "substantially burden[ed] [their] exercise of religion."[4] 42 U.S.C. § 2000bb-1(a); *see also Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001) (setting out elements of prima facie case under RFRA). Thus, like the district court, we need not consider whether defendants have shown that the mandate is "'in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.'" *Kikumura*, 242 F.3d at 962 (quoting 42 U.S.C. § 2000bb-1(b) for burden placed on government if prima facie case under RFRA is made).

---

[4] The district court held that the for-profit corporate plaintiffs are not "persons" who can invoke RFRA to protect an "exercise of religion" within the meaning of 42 U.S.C. § 2000bb-1(a), even if they are closely held by individuals who invoke RFRA. That is a point vigorously contested by plaintiffs. We do not distinguish at this preliminary stage of the proceedings between the corporate and individual plaintiffs, as their common failure to demonstrate a substantial likelihood of success on the RFRA prima face case suffices to dispose of the motion before us.

The central point of the district court's substantial-burden analysis was succinctly stated:

> [T]he particular burden of which plaintiffs complain is that funds, which plaintiffs will contribute to a group health plan, might, after a series of independent decisions by health care providers and patients covered by [the corporate] plan, subsidize *someone else's* participation in an activity that is condemned by plaintiff[s'] religion. Such an indirect and attenuated relationship appears unlikely to establish the necessary "substantial burden."

*Hobby Lobby Stores, Inc. v. Sebelius*, 870 F. Supp. 2d 1278, 1294 (W.D. Okla. 2012) (citation and internal quotation marks omitted). We agree. As the district court noted, other cases enforcing RFRA have done so to protect a plaintiff's own participation in (or abstention from) a specific practice required (or condemned) by his religion. We do not think there is a substantial likelihood that this court will extend the reach of RFRA to encompass the independent conduct of third parties with whom the plaintiffs have only a commercial relationship.

The motion for an injunction pending appeal is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
